UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sharon Sussman, a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated;<br><br>                                        Plaintiff,<br><br><br><br>       -v.-<br>Halsted Financial Services, LLC,<br>Cavalry SPV I, LLC,<br><br>                                        Defendant(s). | Civil Action No: 1:21-cv-14553<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sharon Sussman, a/k/a Sharon Ohayon (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Halsted Financial Services, LLC (hereinafter referred to as "Defendant Halsted"), and Defendant Cavalry SPV I, LLC (hereinafter referred to as "Defendant Cavalry") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Camden.

8. Defendant Halsted is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with a business address of 8001 N. Lincoln Ave Ste. LL2, Skokie, IL 60076 and an address for service of Corporation Service Company Inc., Princeton South Corporate Ctr., Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628.

9. Upon information and belief, Defendant Halsted uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cavalry is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with a business address of 500 Summit Lake, Valhalla, NY 10595 and an address for service of C T Corporation System, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

11. Upon information and belief, Defendant Cavalry uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant Halsted sent a collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Cavalry;

    d. which was time barred by the statute of limitations;

  e. yet the collection letter did not state that repayment of the debt would restart the statutory period within which a consumer could be sued;

  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e and § l692f et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violates 15 U.S.C. § l692e and § l692f et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to June 7, 2021, an obligation was allegedly created to the original creditor, GE Capital Retail Bank/Lowe's (hereinafter "GE Capital").

23. The original subject obligation arose out of a personal credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Upon information and belief, GE Capital transferred the defaulted debt to Defendant Cavalry for the purpose of debt collection. Therefore, Defendant Cavalry is a debt collector as defined by 15 U.S.C.§ 1692a(6).

27. Upon further information and belief, Defendant Cavalry contracted Defendant Halsted for the purpose of collecting the subject defaulted debt. Therefore, Defendant is a debt collector as defined by 15 U.S.C.§ 1692a(6).

28. Defendant Cavalry has policies and procedures in place that govern Defendant Halsted's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant Cavalry's control over Defendant Halsted's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant Cavalry exercised control over Defendant Halsted while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant Cavalry should be held vicariously liable for any and all violations committed by Defendant Halsted.

<em>Violation – June 7, 2021 Collection Letter</em>

31. On or about June 7, 2021, Defendant Halsted sent the Plaintiff a collection letter regarding the alleged debt. (See "Letter" at Exhibit A.)

32. When Defendant Halsted sent Plaintiff the Letter, more than six (6) years had elapsed since the last payment or activity was made.

33. The statute of limitations was therefore time-barred as of the date of the Letter, rendering the subject debt unenforceable in a court of law.

34. In the body of the text, the Letter states: "For a one-time payment we are offering a compromise of $360.22 to resolve this debt."

35. The Letter additionally offers "the ability to customize your own payment plan."

36. By offering a settlement amount that is less than a full repayment, Defendant invites Plaintiff to partially repay her debt.

37. The Letter proceeds to state: "The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry SPV I, LLC cannot sue you for it, and Cavalry SPV I, LLC cannot report it to any credit reporting agency."

38. However, Defendants failed to inform Plaintiff that if she repaid any portion of the debt, it would restart the statute of limitations period, allowing Defendants a further opportunity to sue her for the amount of the debt.

39. The least sophisticated consumer, and the Plaintiff included, was led to believe the subject debt was shielded from a lawsuit.

40. When in reality, partial payment of a time-barred debt revives the statute of limitations on the entirety of the debt.

41. Defendants' seemingly innocuous settlement invitation is in fact a ploy to get Plaintiff to pay some portion of the debt, which would provide them more time to sue the Plaintiff for the full debt amount.

42. In result, the Plaintiff was concretely harmed by Defendants' misstatement of the true nature, character, and legal status of the debt.

43. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

44. Defendants' collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides

Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

45. Generally, these representations are material because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

46. Specifically, Defendants' careless, deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

47. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendants' debt collection.

48. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

49. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated §1692e:

    a. As the Letter falsely represented the character and/or legal status of the debt, in violation of § 1692e (2)(A); and

    b. By making false and misleading representations in violation of §1692e (10).

54. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

57. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

58. Defendants violated §1692f:

    a. As the Letter unfairly fails to inform Plaintiff that repayment would restart the statutory period within which Plaintiff could be sued for the amount of the debt, in violation of §1692f.

59.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

60.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sharon Sussman, a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated, demands judgment from Defendant Halsted Financial Services, LLC and Defendant Cavalry SPV I, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 3, 2021                                                          Respectfully Submitted,

                                                                                              STEIN SAKS, PLLC

                                                                                               /s/ Yaakov Saks
                                                                                              Yaakov Saks, Esq.
                                                                                              285 Passaic Street
                                                                                              Hackensack, NJ 07601
                                                                                              Ph:  201-282-6500 ext. 122
                                                                                              Fax: 201-282-6501
                                                                                              ysaks@steinsakslegal.com
                                                                                              *Counsel for Plaintiff*